**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>*Plaintiff*,<br><br>v.<br><br>NICHOLAS J. DUBOIS; MRS. NICHOLAS J DUBOIS, HIS WIFE; and the UNITED STATES OF AMERICA,<br><br>*Defendants*. | No. 22-cv-04606 (MEF)(JSA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\* \* \*

In 2001, a man[1] took out a mortgage on his New Jersey house. See Notice of Removal, Exhibit 1 ("Exhibit 1") (ECF 1-1) ¶¶ 1-2.

He allegedly stopped making the mortgage payments at some point. See id. ¶ 8.

So the company that now holds the mortgage,[2] see id. ¶ 2-h, filed a foreclosure action in New Jersey state court. See Notice of Removal (ECF 1) ¶ 1.

In addition to naming the man who took out the mortgage, the company named two other defendants.

---

[1] Nicholas J. DuBois.

[2] Nationstar Mortgage LLC, d/b/a Mr. Cooper. Nationstar was apparently assigned the mortgage, in 2019. See Exhibit 1 ¶ 2-h.

First, the company named the man's wife.³  And second, the company named the United States.⁴

\* \* \*

After the New Jersey foreclosure action was filed, the man who was sued removed the case to federal court.

He claims there is jurisdiction here under several statutes, including the diversity statute, 28 U.S.C. § 1332.  See Notice of Removal ¶¶ 2-3 (citing 28 U.S.C. § 1332(a)(1)).⁵

Is this right?  Is there diversity jurisdiction here?⁶

---

³  For reasons that are not relevant here.  See Exhibit 1 ¶ 5(a).

⁴  Why was the United States brought in?  Because after he got the mortgage, the homeowner seems to have run up some unpaid federal taxes, so the United States put a lien on the house.  See id. ¶ 5(b).  And one of the basic rules of the road in New Jersey foreclosure actions is that "[a]ll subsequent . . . encumbrances are brought into court."  Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 186 N.J. 99, 112 (2006).  A later-filed tax lien is just that, a "subsequent . . . encumbrance[]."  See also 30 New Jersey Practice, Law of Mortgages § 28.6 (2d ed.) (describing the "indispensable parties to a foreclosure action" as "the mortgagee, the mortgagor, and those who have acquired interests under them subsequent to the mortgage").

⁵  From here, the company that now holds the mortgage, see footnote 2, the one that filed the lawsuit in state court --- that company is called "the Plaintiff."  The man who took out the mortgage, see footnote 1, and was then sued in New Jersey state court and removed the case here --- that person is "the Defendant."

⁶  Three things.  First, even if it looks like there may be diversity jurisdiction in terms of the particular issue taken up in this Opinion and Order, there will be other questions to answer before any definitive diversity-jurisdiction determination can be made.  Those questions will be teed up separately, in an order to be issued later today.  Second, are there other grounds for federal court jurisdiction here, besides diversity?  The Defendant says yes, and invokes Sections 1442, 1444, 1446, and 1441 of Title 28.  See Notice of Removal ¶ 3(b).  As to Sections 1442 and 1444: those allow for removal to federal court where, as here, the United States was named as a defendant

2

* * *

Out of the gate, there is a difficulty with diversity jurisdiction here.

To see why, start with the relevant part of the diversity statute.

It creates jurisdiction when the "citizen[] of . . . [a] State[]" sues the "citizen[] of [a] [different] State."  28 U.S.C. § 1332(a)(1).[7]

A Michigan corporation might, say, sue an Oregon corporation.  The corporations are "citizens" of Michigan and Oregon, see id.

---

in state court.  See 28 U.S.C. §§ 1442(a), 1444.  But Section 1442 or 1444 removals are for the United States to undertake.  See id.  That did not happen here.  The removal in this case was initiated by the Defendant.  See Notice of Removal ¶ 2.  As for Section 1446, that does not confer jurisdiction; it only lays out removal procedures.  See 28 U.S.C. § 1446.  "Section 1441" may be a mistype, an effort by the Defendant, who is pro se, to trigger jurisdiction under 28 U.S.C. § 1331.  Or it could be an attempt to invoke the implicit reference to Section 1331 in the "original jurisdiction" language of 28 U.S.C. § 1441(a).  But one way or another, Section 1331 generally requires that a federal question be plead in the complaint.  See Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).  But none is here.  Cf. Amoco Prod. Co. v. Aspen Grp., 8 F. Supp. 2d 1249, 1253 (D. Colo. 1998) ("the mere existence of a federal tax lien does not suffice to present a federal question").  Third, the procedural posture here.  The Plaintiff moved to remand this case to New Jersey state court.  See Notice of Motion to Remand Matter to Superior Court of New Jersey (ECF 6).  United States Magistrate Judge Allen issued a thoughtful report that recommended remand.  See Report and Recommendation (ECF 52) at 5-8.  The Defendant objected, see Opposition to Magistrate's Report and Recommendation ("Objections") (ECF 54), and the Plaintiff responded.  See Brief Response to Defendant's Objections ("Response") (ECF 72).  It is the Defendant's objection that is before the Court.

[7]  The statute creates jurisdiction in other situations, too.  See 28 U.S.C. § 1332(a)(2)-(4).  But those are not relevant here.  See Notice of Removal ¶ 3(a) (citing 28 U.S.C. § 1332(a)(1)).

3

§ 1332(c)(1), and the diversity statute applies in a straightforward way.

But what to do when the party that sues or the party that is sued is not a "citizen[]" of a state?[8]

The law in that circumstance is this: there generally can be no diversity jurisdiction over a lawsuit when one of the parties to the suit does not count as a "citizen[]" of a state.

This principle is not always explicitly articulated. But federal courts have routinely relied on it.

The Supreme Court has. See State Highway Comm'n v. Utah Constr. Co., 278 U.S. 194, 199-200 (1929); City Bank Farmers' Tr. Co. v. Schnader, 291 U.S. 24, 29 (1934); Minnesota v. N. Sec. Co., 194 U.S. 48, 63 (1904).

And so has the Third Circuit. See Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n, 598 F.2d 1303, 1306 (3d Cir. 1979); Brown v. Francis, 75 F.3d 860, 865-66 (3d Cir. 1996); Daley v. Dowdye, 571 F. App'x 128, 129 (3d Cir. 2014); O'Neill v. Pennsylvania, 459 F.2d 1, 2 (3d Cir. 1972); Harris v. Pa. Turnpike Comm'n, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969).[9]

---

[8] Ignore for the purposes of this Opinion and Order people or entities that are not citizens of states because they are citizens of foreign states.

[9] Plus other circuits. See Adden v. Middlebrooks, 688 F.2d 1147, 1150 (7th Cir. 1982); Illinois v. Kerr-McGee Chem. Grp., 677 F.2d 571, 575 n.5 (7th Cir. 1982); Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005); New Orleans City v. Aspect Energy, L.L.C., 126 F.4th 1047, 1055 (5th Cir. 2025); Louisiana v. Union Oil Co., 458 F.3d 364, 366 (5th Cir. 2006); Price v. Wolford, 608 F.3d 698, 702 (10th Cir. 2010); Arctic Maid v. Alaska, 297 F.2d 28, 31 (9th Cir. 1961); Fowler v. Cal. Toll-Bridge Auth., 128 F.2d 549, 550 (9th Cir. 1942); State Highway Comm'n v. Kan. City Bridge Co., 81 F.2d 689, 691 (8th Cir. 1936); Hertz v. Knudson, 6 F.2d 812, 815 (8th Cir. 1925); Krisel v. Duran, 386 F.2d 179, 181 (2d Cir. 1967); Oneida Indian Nation of N.Y. v. Oneida County, 464 F.2d 916, 922-23 (2d Cir. 1972), rev'd on other grounds, 414 U.S. 661 (1974). And this Court. See Online Express, Inc. v. Tri-State Gen. Ins. Co., 2013 WL 1867053, at *2 (D.N.J. May 2, 2013); M & T Bank v. Han, 2023 WL 2263740, at *2 (D.N.J. Feb. 28, 2023); Bank of N.Y. Mellon v. Lee, 2016 WL 1162754, at *2-3 (D.N.J. Mar. 24, 2016); U.S. Bank, N.A. v. Verity, 2015 WL 1469736, at

The underlying idea is that under Chief Justice Marshall's opinion for the Supreme Court in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), there must be "complete" diversity. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

This is true in the more familiar sense: every plaintiff must be a citizen of a different state than every defendant.  See id.

And "complete[ness]," id., is required in another way, too. Namely, every plaintiff must be a citizen of a state, and every defendant must be a citizen of a state.[10]

As Chief Justice Marshall put it:

> The words of the act of congress are, "where . . . the suit is between a citizen of a state where the suit is brought, and a citizen of another state."
>
> The court understands these expressions to mean that each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the federal courts.  That is, that where the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts.

Strawbridge, 7 U.S. at 267.

In short, for there to be jurisdiction, diversity must be doubly "complete."

All parties must be citizens of states.  And all plaintiffs must be citizens of different states than all defendants.

\*   \*   \*

---

*2 (D.N.J. Mar. 27, 2015), report and recommendation adopted, 2015 WL 1781241 (D.N.J. Apr. 20, 2015); Adjustable Rate Mortg. Tr. 2005-10 v. Mo, 2023 WL 4995383, at *2 (D.N.J. June 15, 2023), report and recommendation adopted sub nom., Letter Order at 6, In re Sung Ho Mo, No. 22 CV 05796 (D.N.J. Oct. 13, 2023). And commentators have invoked the referenced principle, too. See 2 Cyclopedia of Federal Procedure § 3:72 (3d ed.); Note, Mitchell N. Berman, Removal and the Eleventh Amendment: The Case for District Court Remand Discretion to Avoid a Bifurcated Suit, 92 Mich. L. Rev. 683, 695-99 (1993).

[10]  Recall the qualifier in footnote 8.

Against the backdrop set out just above, the question on the table is this: does the United States count as a "citizen[] of . . . [a] State[]" for purposes of the diversity statute?[11]

The Third Circuit has not ruled on this question.

But a number of other circuits have. They have concluded[12] that the United States is not a "citizen" for purposes of the diversity statute. See Rywelski v. Biden, 2024 WL 1905670, at *1-2 (10th Cir. May 1, 2024); Com. Union Ins. Co. v. United States, 999 F.2d 581, 584 (D.C. Cir. 1993); Am. Nat. Bank & Tr. Co. v. Sec'y of Hous. & Urb. Dev., 946 F.2d 1286, 1291 (7th Cir. 1991); United States v. Park Place Assocs., Ltd., 563 F.3d 907, 919 n.7 (9th Cir. 2009); Dawkins v. U.S. Drug Enf't Admin., 145 F.3d 1330, at *1 (6th Cir. 1998) (table).

This conclusion makes sense.

First, it is consistent with the text of the diversity statute. The statute, as noted, speaks to "citizens of . . . States." 28 U.S.C. § 1332(a)(1). But it does not work to think of the United States as a "citizen" of Rhode Island or California. The states "are constituent parts of the United States." Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 414 (1821). Not the other way around.

Second, courts have routinely held, in the context of the interpleader statute, 28 U.S.C. § 1335, that the United States cannot be chalked up as a "citizen." See Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991); Lummis v. White, 629 F.2d 397, 402 (5th Cir. 1980), rev'd sub nom. on other grounds, 457 U.S. 85 (1982); Kent v. N. Cal. Reg'l Off. of the Am. Friends Serv. Comm., 497 F.2d 1325, 1327 (9th Cir. 1974); United States v. Dry Dock Sav. Inst., 149 F.2d 917, 918 (2d Cir. 1945); see also 4 Moore's Federal Practice § 22.08 n.10.

The interpleader statute uses the definition of "diverse citizenship" from the diversity jurisdiction statute. See 28 U.S.C. § 1335(a)(1).

---

[11]  If the answer is no, then the "complete" diversity required by Section 1332 and Strawbridge is not there.

[12]  Some in dicta.

6

So why would the United States not count as a citizen for interpleader statute purposes (as the cases hold) but count as a citizen for diversity jurisdiction purposes?

Third, the Supreme Court has held that for diversity jurisdiction purposes, federal agencies "are not citizens." Texas v. Interstate Com. Comm'n, 258 U.S. 158, 160 (1922); see also 1 Cyclopedia of Federal Procedure § 2:347 (3d ed.).

Why would a United States agency not count as a citizen, but the United States itself would?

And fourth, the Supreme Court has held that "[a] state is not a citizen" under the diversity statute. See Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487 (1894); Arkansas v. Kan. & Tex. Coal Co., 183 U.S. 185, 188 (1901); N. Sec. Co., 194 U.S. at 63; State Highway Comm'n, 278 U.S. at 200; Moor v. Alameda County, 411 U.S. 693, 717 (1973).

Why?  Because it is a stretch to think that a state could be "a citizen of itself."  Cory v. White, 457 U.S. 85, 87 (1982).  But it stretches much further than that to think that the United States might be a citizen of a state.  See Cohens, 19 U.S. at 414.

Bottom line: when the United States is named as a party in a lawsuit, a federal court cannot generally exercise diversity jurisdiction over the lawsuit --- because the United States is not a "citizen" for the purposes of the diversity statute.[13]

\*    \*    \*

Here, the United States is named as a party.  See Exhibit 1 ¶ 5(b).  How then to proceed?

The way forward is marked by the Third Circuit's decision in Doolin v. Kasin, 424 F. App'x 106 (3d Cir. 2011).[14]

---

[13]  If the Congress wanted to include the United States in Section 1332 it could have opted to go down that road.  The statute allows for lawsuits against "foreign state[s]."  28 U.S.C. § 1332(a)(4).

[14]  Doolin is not a precedential opinion.  But the general principles it rests on, of which more in a moment, are well established.  See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable

Per Doolin, where, as here, an entity that is not a diversity-statute "citizen" is named as a defendant --- a federal court sits at a fork in the road. See id. at 110.

If the non-"citizen" defendant is not an indispensable party under Federal Rule of Civil Procedure 19, then the defendant can be dismissed under Rule 21 --- and with that accomplished, the impediment to diversity jurisdiction is gone and the case can go forward in federal court.[15]  See id.

If the non-"citizen" defendant is an indispensable party under Federal Rule of Civil Procedure 19, then the defendant is needed and the litigation cannot go forward without it. See id.  In that circumstance, the defendant is kept in the case, but the federal lawsuit is dismissed,[16] for lack of diversity jurisdiction. See id.[17]

In a nutshell, as Judge Burns put it: where the United States has been named as a defendant, "diversity is destroyed unless the United States is not an indispensable party to th[e] suit." T M Sys., Inc. v. United States, 473 F. Supp. 481, 485 (D. Conn. 1979).

\*   \*   \*

How to apply these rules here?

For now, there is too little to go on.

\*   \*   \*

---

nondiverse party to be dropped at any time . . . ."); Horn v. Lockhart, 84 U.S. 570, 579 (1873) (dismissal of two nondiverse defendants was proper because "[t]hey were not indispensable parties"); see also Avenatti v. Fox News Network LLC, 41 F.4th 125, 130-31 (3d Cir. 2022); 13E Wright & Miller's Federal Practice and Procedure § 3605 (3d ed.); 7 id. § 1685.  And note that courts in this district have routinely relied on Doolin. See, e.g., DeVito v. Panevino Ristorante, 2023 WL 7895958, at *4 (D.N.J. Nov. 16, 2023); AC Ocean Walk, LLC v. Invests. Bancorp, Inc., 2023 WL 8802531, at *4 (D.N.J. Dec. 20, 2023).

[15] Assuming other diversity jurisdiction requirements are met.

[16] Assuming there is not another basis for federal jurisdiction.

[17] The federal court dismissal would be without prejudice, to allow for possible re-filing in state court.

8

For its part, the Plaintiff argues that the United States should be treated as a "necessary party."

The basis for this argument is a case that applies New Jersey law. See Response at 3 (citing Ind. Inv. Co. v. Evens, 121 N.J. Eq. 72, 77 (Ch. 1936)).

And as a matter of New Jersey law, the Plaintiff may have it right --- if the United States' tax lien on the property came online after the relevant mortgage,[18] then the United States is likely an "indispensable" party under New Jersey law.[19]

But New Jersey law is not controlling here.

In federal court, whether a party is or is not indispensable is a question of federal law. See Provident Tradesmen Bank & Tr. Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968); Shetter v. Amerada Hess Corp., 14 F.3d 934, 937-38 (3d Cir. 1994); Spring-Ford Area Sch. Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476, 482 (E.D. Pa. 2001) (applying Patterson and Shetter in the removal context); see also Doolin, 424 F. App'x at 110 (looking to Federal Rule of Civil Procedure 19 to determine whether a party is indispensable).[20]

\*   \*   \*

For its part, the Defendant argues that the United States is just a "nominal party" here. Objections at 5. The implication would seem to be that if the United States is "nominal," then it surely must be dispensable under Rule 19[21] --- and should

---

[18] See Exhibit 1 ¶¶ 2, 5(b); see also Brief in Support of Plaintiff's Motion to Remand (ECF 6-4) at 3 (describing the United States's lien as "junior" to the mortgage).

[19] See 30 New Jersey Practice § 28.6.

[20] This said, state law may have a role to play in the analysis. See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 321 (3d Cir. 2007). For example, state law "may be helpful in determining the party's interest." Shetter, 14 F.3d at 938. "[B]ut ultimately it is a matter of federal law whether the party should be joined to the action" under Rule 19. Id.

[21] See Beasley v. Wells Fargo Bank, N.A. ex rel. Certificate Holders of Park Place Sec., Inc., 744 F. App'x 906, 915 (6th Cir. 2018) ("[w]hen neither necessary nor indispensable to an action, a defendant is considered nominal or formal") (cleaned up); 13E Wright & Miller's Federal Practice and Procedure § 3606

therefore be dismissed from the case under Rule 21, to allow the lawsuit to go forward here in federal court on a diversity jurisdiction basis.[22]

Working though these issues may require wading into some potentially complex questions that neither party substantially takes on.  What to make, for example, of the fact that the United States seemingly did not opt to participate in this case when it was in state court?  How does that inform whether the United States, in federal court, should now be regarded as dispensable?

\*   \*   \*

The analysis undertaken to this point in the Opinion and Order can be finished out by the Court.  But the wiser course is to get the benefit of the parties' views --- and perhaps also to get the United States' position as well.  An order setting a schedule will issue today.

IT IS on this 3rd day of November, 2025, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

---

("[i]n analyzing whether complete diversity exists, the court may not disregard [as nominal] the citizenship of absent parties who traditionally would be characterized as 'indispensable' and are now described in Rule 19(b) as persons who are required to be joined"); see also Wilson v. Oswego Township, 151 U.S. 56, 65 (1894).

[22] The Third Circuit has suggested that the test for whether a party is "nominal" is whether the party is "without a real interest in the litigation."  Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 359 (3d Cir. 2013); see also Vollers Excavating & Constr. Co. v. AIG Baker Mount Olive LLC, 2004 WL 7331448, at *3 (D.N.J. Dec. 22, 2004).  But it is hard to know why it makes sense to proceed by a kind of indirect bank shot --- to ask whether the United States is dispensable by considering whether it is nominal.  Better to move directly through the Rule 19 analysis envisioned by the Third Circuit in Doolin.  See Doolin, 424 F. App'x at 110.  As to the two distinct steps of that analysis, see Gen. Refractories, 500 F.3d at 312.